889 A.2d 45

**Jeffrey REIFSNYDER, Dennis Remp and Richard Hoffa**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DANA CORPORATION),**

**Appeal of Dana Corporation.**

**Nos. 4–6 EAP 2004.**

Supreme Court of Pennsylvania.

Dec. 22, 2005.

PETITION FOR REARGUMENT

## *ORDER*

PER CURIAM.

**AND NOW,** this 22nd day of December, 2005, appellees' Petition for Reargument is DENIED.

Justice NEWMAN files a dissenting statement.

Justice NEWMAN, dissenting.

Today, the Court refuses to grant reargument to the Appellees in this case, even though four Justices concluded that the issue of unemployment compensation benefits as a component of an average weekly wage calculation was not raised, briefed, or argued before the Court. It is beyond cavil that reargument is a function of the Court's discretion and this discretion is guided by Pa.R.A.P. 2543. Pursuant to this Rule, reargument may be granted where compelling reasons exist therefore. Appellees argue that we have misapprehended the facts in this case, that layoffs were neither routine nor expected, and that the layoffs had nothing to do with deciding within which section of the Act their benefit calculation fell. I believe that Appellees have presented a compelling reason to grant reargument in this matter and, thus, respectfully dissent from the denial of reargument (or at least, reconsideration).

In his Opinion for the Court, Mr. Justice Castille framed the issue as "what constitutes the proper calculation of a claimant's average weekly wage ("AWW") for purposes of computing a workers' compensation benefit in the situation where the injured employee was subject to work-related layoffs for business/economic reasons in the relevant look-back period?" This formulation of the issue erroneously focuses on the context for the challenge; the relationship of business or economic layoffs to the benefit calculation. However, the parties, from the inception of litigation, focused on the selection of the proper section of the Act; one that would conform to the intent of the General Assembly and one that would provide a fair representation of the claimants' pre-injury earnings. At the outset, the claimants appeared to satisfy both Section 309(d) and Section 309(d.2). None of the claimants questioned whether unemployment compensation benefits could be included as a component of the calculation, particularly as this Court had yet to decide *Triangle Building Center v. Workers' Compensation Appeal Board (Linch)*, 560 Pa.540, 746 A.2d 1108 (2000), *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel)*, 582 Pa.295, 870 A.2d 875

(2005), and *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.),* 575 Pa.66, 834 A.2d 524 (2003).

The Stipulation of Facts (Stipulation) submitted by the parties indicates that "[t]he central issue in this case is how to properly calculate the average weekly wage when the claimant did not have continuous earnings for at least three consecutive periods of 13 calendar weeks in the 52 weeks immediately preceding the injury." (Stipulation # 9.) The Workers' Compensation Judge framed the issue as "[h]ow to properly calculate the average weekly wage when a claimant, who has been an employee of a company for more than one year, did not have continuous earnings for at least three consecutive periods of 13 calendar weeks in the 52 weeks preceding the work injury." (Opinion of WCJ as to Jeffrey Reifsnyder, dated September 14, 2000 at Finding of Fact # 2.) The Board agreed that the appropriate section of the Act was Section 309(d) without reference to the role that unemployment compensation would play in that calculation. Therefore, because the focus was on the section, not the calculation or reasons for the absence of three complete periods out of four, the only issue raised in the Petition for Allowance of Appeal was whether Section 309(d) or Section 309(d.2) was applicable to this specific determination of the average weekly wage. At no time did the parties request that this Court address the specific effect of "layoffs for business/economic reasons." The issue before us was only concerned with long-term employees without continuous earnings, for whatever reason, who could not put together at least three consecutive periods of thirteen calendar weeks in the fifty-two weeks preceding the work injury.

It was unfortunate that we were unable to resolve the issue regarding whether unemployment compensation benefits should be included in the calculation of a claimant's average weekly wage. This was an important issue for our consideration. But, the Opinion of this Court in *Reifsnyder* only holds that Section 309(d) is the proper section to apply when claimants have been employed for more than four consecutive thirteen week periods, but do not have continuous earnings for

at least three consecutive thirteen-week periods in the fifty-two weeks immediately preceding the injury. Although Mr. Justice Castille went on at length to address the issue of whether unemployment compensation benefits should be included in the calculation of each claimant's average weekly wage, this position is clear dicta as four Justices voted that the issue was neither briefed nor argued before the Court.

While a majority of the Court agreed that Section 309(d) was the controlling section, and the remainder of the Opinion is dicta, the Opinion in this case comes perilously close to an advisory Opinion and undermines the confidence in the legitimacy of this Court's decision-making process. The resulting Opinion in this case is confusing to the bench and bar, and therefore merits reconsideration.